UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WAYNE EARL LaFOUNTAIN,

        Plaintiff,

    v.

LINDA METRISH, *et al.*,

        Defendants.

_____/

Case No. 2:05-CV-13

Hon. Richard Alan Enslen

**ORDER**

    This matter is before the Court on Plaintiff Wayne Earl LaFountain's Objections to United States Magistrate Judge Timothy P. Greeley's Report and Recommendation of August 31, 2005 ("Report"), which recommended, *inter alia*, a denial of Plaintiff's motion for a protective order. This Court now reviews the Report, Plaintiff's Objections, and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(B).

    Plaintiff has sued various Michigan Department of Corrections employees on a theory that he has been deprived the protections of the First, Eighth and Fourteenth Amendments of the United States Constitution. Specifically, Plaintiff claims that he suffers from emphysema and Defendants have exacerbated his condition by allowing him to be exposed to second-hand smoke from other inmates. Defendants sought to discover Plaintiff's medical history and requested he sign a release of all of his medical records. Plaintiff refused and moved for a protective order concerning the records. *See* FED. R. CIV. P. 26(c).

    "It is firmly established that individuals have a constitutionally protected right to privacy," *Gutierrez v. Lynch*, 826 F.2d 1534, 1539 (6th Cir. 1987) (referencing *Roe v. Wade*, 410 U.S. 113 (1973) and *Griswold v. Connecticut*, 381 U.S. 479 (1965)), and subject to limitations not relevant

here, a prisoner retains these constitutional guarantees while incarcerated. *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974).

Plaintiff's three Objections to the Report essentially reiterate the same point: that Defendants' discovery request of all of his medical history is too broad and he is entitled to a protective order. The Magistrate correctly observed that Plaintiff's entire medical history may be relevant to his claim; however, the Court agrees with Plaintiff that disclosure of his entire medical history will likely violate his right to privacy. Therefore, the Court will grant Plaintiff's Objections, reject the Report, and issue a protective order within the meaning of Federal Rule of Civil Procedure 26(c)(8). Plaintiff is directed to submit his complete medical history to the Court under seal and the Court will conduct an *in camera* review of the materials. In conducting such review, the Court will weigh Plaintiff's right to privacy against Defendants' obvious need for the information and excise portions of the record the Court deems irrelevant to Plaintiff's claims. *See Kerr v. U. S. Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 405-06 (1976). The Court will then furnish relevant portions of Plaintiff's medical records to Defendants.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Wayne Earl LaFountain's Objections (Dkt. No. 21) are **GRANTED** and the Report and Recommendation (Dkt. No. 18) is **REJECTED**.

**IT IS FURTHER ORDERED** that Plaintiff Wayne Earl LaFountain shall submit to the Court his entire medical history **UNDER SEAL** within **21 DAYS** of this Order.

|  |  |
|---|---|
| | /s/ Richard Alan Enslen |
| DATED in Kalamazoo, MI: | RICHARD ALAN ENSLEN |
| November 16, 2005 | SENIOR UNITED STATES DISTRICT JUDGE |